**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MICHAEL A. LABREC,**

        Plaintiff,

v.                                  **Case No. 16-cv-31-pp**

**KAREN BUTLER,**

        Defendant.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S
MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)
AND SCREENING THE COMPLAINT**

---

The plaintiff, who is representing himself, is a prisoner at Wisconsin Resource Center. He filed this lawsuit under 42 U.S.C. §1983, Dkt. No. 1, along with a petition to proceed *in forma pauperis*, Dkt. No. 2. This order resolves that grants that petition, and screens the plaintiff's complaint.

**Motion to Proceed *In Forma Pauperis***

On January 14, 2016, the court entered an order requiring the plaintiff to pay an initial partial filing fee of $21.81. Dkt. No. 5. The court received that initial partial filing fee from the plaintiff on February 11, 2016. Accordingly, the court will grant the plaintiff's petition to proceed *in forma pauperis* because he lacks funds to prepay the full filing fee, see 28 U.S.C. §1915(b), and will allow him to pay the remainder of the $350 filing fee in installments as described at the end of this order.

1

**Screening of the Plaintiff's Complaint**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous "'when it lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the factual contentions are clearly "baseless." Neitzke, 490 U.S. at 327. "Malicious," although "sometimes treated as a synonym for 'frivolous,' . . . is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (internal citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic

2

recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v.

3

Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff names Karen Butler, M.D., as the defendant in this lawsuit. According to the plaintiff, the defendant was a physician at the Fond du Lac County Jail while he was there waiting to be sentenced. Dkt. No. 1 at 2. The plaintiff alleges that on three separate occasions between November 2011 and April 2012, the defendant prescribed medication to him that "sent [him] to the E.R." Id. According to the plaintiff, the E.R. doctor stated that the plaintiff should never have been prescribed the medication because of his condition of "severe Bradycardia [with] Junctional Escape Factor," which had been previously diagnosed (the plaintiff does not explain when he received the diagnosis or who diagnosed him). Id. at 2-3.

The plaintiff states, "I understand that once could be a mistake, but for it to happen three times, I believe it to be deliberate indifference . . . ." Id. at 3. The plaintiff alleges that as a result of taking this medication, he had to receive a pacemaker in February 2014. Id.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (i.e., that the medical needs be sufficiently serious) and a subjective element (i.e., that the officials act with a sufficiently culpable state of mind). Id.

The plaintiff does not explain what medicine defendant Butler gave him, what she was trying to treat with that medication, whether he told her that he had to go to the emergency room, or why he thinks the medicine she gave him was the cause of the emergency room visits. Nonetheless, at the screening stage, the court determines only whether the plaintiff has made sufficient allegations for the court to allow him to proceed on his claim. The complaint alleges that defendant Butler gave the defendant medication, that that medication caused him to have to go to the emergency room, and that even after he'd been to the emergency room, defendant Butler gave him the medication twice more. At this early stage, the court concludes has alleged sufficient facts to allow him to proceed on his Eighth Amendment claim that the defendant was deliberately indifferent to his serious medical needs in prescribing the medication after the first E.R. visit.

## Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis.* Dkt. No. 2.

The court also **ORDERS** the United States Marshal to serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely

5

because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court further **ORDERS** the defendant to file a responsive pleading to the complaint.

The court also **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $328.19 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall clearly identify these payments by the case name and number.

The court further **ORDERS** that the plaintiff must submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The

6

Case 2:16-cv-00031-PP   Filed 03/02/16   Page 6 of 7   Document 11

plaintiff should also retain a personal copy of each document filed with the court.

The court advises the plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will mail of a copy of this order to the Warden at Wisconsin Resource Center.

Dated in Milwaukee, Wisconsin this 2nd day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge